Filed 11/3/23  P. v. Walker CA2/2
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>KAMARON LEMONT WALKER,<br><br>Defendant and Appellant. | B306625<br><br>(Los Angeles County<br>Super. Ct. No. GA071076) |

THE COURT:

After defendant and appellant Kamaron Lemont Walker (defendant) appealed the denial of his petition for resentencing pursuant to Penal Code section 1172.6 (former section 1170.95),[1] we affirmed the order of denial in *People v. Walker* (Feb. 10, 2021, B306625) [nonpub. opn.] (*Walker I*).  Defendant filed a petition for review and by order dated June 28, 2023, the California Supreme Court transferred the matter to this court with directions to vacate our

---

[1]    Section 1170.95 was renumbered section 1172.6, with no change in text effective June 30, 2022.  (Stats. 2022, ch. 58, § 10.)  We will refer to the section by its new numbering only, and all further unattributed code sections are to the Penal Code unless otherwise stated.

previous decision and reconsider whether to exercise discretion and conduct an independent review of the record or provide any other relief in light of *People v. Delgadillo* (2022) 14 Cal.5th 216, 232–233 & footnote 6 (*Delgadillo*) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).

On August 15, 2023, we vacated our prior opinion and have reconsidered the previous decision in accordance with the Supreme Court's order.[2] We have undertaken a limited independent review of the record which has revealed the arguable issues discussed below.[3] We conclude the trial court erred in summarily denying the petition without appointing counsel. Accordingly, we reverse the order denying defendant's petition and remand with directions.

---

[2] Upon reconsideration in light of *Delgadillo*, *supra*, 14 Cal.5th at pages 232–233 & footnote 6, we find our original notice to defendant regarding appointed counsel's brief filed pursuant to *People v. Wende* (1979) 25 Cal.3d 436, may have been misleading as it did not inform defendant that if no supplemental brief was filed within 30 days, the appeal could be dismissed. Although defendant had filed a supplemental brief, we notified him he was permitted to file, within 30 days of the notice, an additional supplemental brief or letter stating any grounds for an appeal, contentions, or arguments he wished this court to consider that were not included in his brief filed November 12, 2020. We added the court was not required to conduct an independent review for arguable issues before issuing a new opinion as directed by the California Supreme Court, but would consider any issues raised in his supplemental brief or briefs.

[3] We take judicial notice on our own motion of relevant portions of the record in *People v. Walker* (B221399, June 30, 2011 [nonpub opn.]), the opinion affirming defendant's judgment after trial, and some of the procedural facts summarized below have been taken from that opinion.

## BACKGROUND

In 2009, defendant and codefendant Eric Williams were charged with murder in the shooting death of Dion Holloway, in violation of section 187, subdivision (a).[4] The information alleged under section 12022.53 that defendant personally used and intentionally discharged a firearm within the meaning of subdivision (c), and that he personally and intentionally discharged a firearm, which proximately caused great bodily injury and death to the victim within the meaning of subdivision (d). As to both defendants the information alleged a principal personally and intentionally discharged a firearm which proximately caused great bodily injury and death to the victim within the meaning of section 12022.53, subdivision (d), and that a principal personally and intentionally discharged a firearm within the meaning of section 12022.53, subdivisions (b), (c), (e) and (e)(1).

Defendant was convicted by jury of first degree murder and the murder was found to have been willful, deliberate and premeditated. Williams was convicted of second degree murder. As to defendant, the jury found true the allegation that he personally and intentionally discharged a firearm which proximately caused the victim's death. As to both defendants it was found that a principal personally used and discharged a firearm, which proximately caused Holloway's death. The jury further found defendant committed the crime in association with a criminal street gang within the meaning of section 186.22, subdivision (b)(1)(C). Defendant was sentenced to a prison term of 80 years to life, and the judgment was affirmed on appeal. (See *Walker I*, *supra*.)

After defendant's conviction, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.), which amended sections 188 and 189, the laws pertaining to felony murder and murder under the natural

---

[4] Defendant and Williams had been charged with codefendant, Juan Antonio Villatoro, but prior to trial Villatoro was granted immunity in exchange for his testimony in the case.

3

and probable consequences doctrine, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The Legislature also provided a procedure to petition for retroactive relief for those who could not be convicted under sections 188 and 189 as amended effective January 1, 2019. (See *Lewis, supra*, 11 Cal.5th at p. 957.)

In August 2019, defendant filed a petition in propria persona for resentencing pursuant to section 1172.6, which the trial court summarily denied prior to any response from the prosecution, and without appointing counsel for defendant. In January 2020, defendant filed a second section 1172.6 petition, this time including as exhibits, excerpts from his trial transcripts, including some of the jury instructions given and other trial documents, with a request for appointment of counsel. On February 13, 2023, the trial court summarily denied the second petition on the ground that the court had denied the prior petition. The trial court did not appoint counsel or require a response from the prosecution. Defendant filed a timely notice of appeal from the order of denial.

## DISCUSSION

After we filed our opinion in *Walker I*, affirming the trial court's denial of defendant's petition, the California Supreme Court published *Lewis, supra*, which clarified certain procedural provisions for determining whether a petition for resentencing had demonstrated prima facie eligibility for relief under section 1172.6. As relevant here,[5] section 1172.6, subdivision (a) provides that a person may file a petition to have his or her murder conviction vacated and be resentenced on any

---

[5]    The prosecution proceeded on the natural and probable consequences doctrine and not on a felony-murder theory.

4

remaining counts when all of the following conditions apply: "(1) [An] information . . . was filed against the petitioner that allowed the prosecution to proceed under a theory of . . . murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . . [¶] (2) The petitioner was convicted of murder . . . . [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

When a section 1172.6 petition alleges the three qualifying conditions specified in subdivision (a)(1) through (3), the trial court is required to take the allegations as true, appoint counsel if requested, and entertain briefing, regardless of whether the record of conviction demonstrates that the defendant is not entitled to relief. (*Lewis, supra*, 11 Cal.5th at pp. 957, 960, 962–964, 971–972; see § 1172.6, subds. (b), (c).) After the appointment of counsel and considering the parties' briefs a trial court is permitted to review the record of conviction to determine the truth of the allegations of the petition and to aid the court in assessing whether a petitioner has made a prima facie showing of eligibility. (*Lewis*, at pp. 957, 972.) At this stage, however, only where the record of conviction contains established facts showing that petitioner is ineligible for resentencing *as a matter of law* may the court find no prima facie showing has been made. (See *Lewis, supra*, at p. 971; *People v. Duchine* (2021) 60 Cal.App.5th 798, 815.) "[A]s a matter of law" means that the record of conviction *conclusively* refutes the allegations of the petition without resorting to factfinding, weighing of evidence, or credibility determinations. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.) For example, where the record of conviction shows no jury instructions were given regarding felony murder or the natural and probable consequences doctrine, a petitioner is ineligible for relief as a matter of law. (*People v. Daniel* (2020) 57 Cal.App.5th 666, 677.)

5

Defendant's petition alleged the three conditions of subdivision (a)(1) through (3) of section 1172.6, and requested appointment of counsel.[6] As defendant's petition alleged the three required conditions, the trial court erred in failing to appoint counsel and allow briefing. (See *Lewis, supra,* 11 Cal.5th at pp. 957, 972.) The People filed a supplemental letter brief after the Supreme Court transferred the matter back to this court, urging us to again affirm the order of denial on the ground that the error was harmless because the record of conviction shows defendant is ineligible for relief as matter of law.

The People rely on the same pre-*Lewis* reasoning set forth in our opinion in *Walker I, supra,* and on *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58 (*Cornelius*), review granted March 18, 2020, to argue that the jury's finding under section 12022.53, subdivision (d) meant the jury implicitly found defendant was the actual killer. However, as the People acknowledge, subsequent to our opinion in *Walker I,* the Supreme Court dismissed the petition for review in *Cornelius,* remanded the matter, and deemed the case "non-citable and nonprecedential 'to the extent it is inconsistent with' [the] decision in *Lewis*[, *supra,* 11 Cal.5th 952]." (*People v. Cornelius* (Oct. 27, 2021, S260410) [review dism.].) We now find *Cornelius* is inconsistent with the decision in *Lewis,* because a firearm enhancement under section 12022.53 does not establish that defendant was the actual killer as a matter of law.[7]

---

[6] Attached to defendant's petition was a copy of a portion of Villatoro's testimony which might have cast doubt on defendant's role as the actual killer in the shooting, as well as a copy of the jury instruction given at trial regarding aiding and abetting under the natural and probable consequences doctrine.

[7] In addition, *Cornelius* is not comparable to the facts of this case as that defendant was the sole perpetrator of the killing, and he was ineligible under section 1172.6 as a matter of law because he was not

6

The People also argue that a true finding under section 12022.53, subdivision (d) shows as a matter of law that defendant was not only the actual killer but also that defendant acted with an intent to kill. "Section 12022.53, subdivision (d) provides that a defendant must have intended to discharge a firearm, but does not refer to an 'intent to achieve any additional consequence.' [Citation.]  It is thus a general intent enhancement, and does not require the prosecution to prove that the defendant harbored a particular mental state as to the victim's injury or death."  (*People v. Offley* (2020) 48 Cal.App.5th 588, 598.)

Moreover, when there are two or more shooters or a bullet is not the cause of death, a true finding under section 12022.53, subdivision (d) does not establish that defendant fired the *fatal* bullet.  (See *People v. Palmer* (2005) 133 Cal.App.4th 1141, 1151–1153, citing *People v. Bland* (2002) 28 Cal.4th 313.)  In *Bland*, the California Supreme Court explained: "Section 12022.53(d) requires that the defendant 'intentionally and *personally* discharged a firearm' . . . , but only that he 'proximately caused' the great bodily injury or death. . . .  Proximately causing and personally inflicting harm are two different things."[8] (*People v. Bland, supra*, at p. 336.)  Thus, a true finding was possible whether it was defendant, defendant's accomplice, or an event set in motion by the discharge of the firearm that directly caused the victim's

convicted of felony murder or murder under a natural and probable consequences theory.  (*Cornelius, supra*, 44 Cal.App.5th at p. 58.)

[8]    The trial court's order of denial gives no reason for its decision but refers to its order denying defendant's first petition.  In the prior decision the trial court erroneously construed the jury's true finding under section 12022.53, subdivision (d) as a finding that defendant " '*directly* cause[d] the death' " of the victim by personally and intentionally discharging a firearm.  (Italics added.)  (See *People v. Zarazua* (2008) 162 Cal.App.4th 1348, 1361–1362.)

death. (See *id*. at pp. 335–336.)[9] In sum, either defendant or his accomplices may have personally discharged a firearm proximately causing the victim's death.

In a footnote in their letter brief the People set forth facts from the summary of evidence adduced at defendant's 2009 trial, as stated in *People v. Walker*, *supra*, B221399, suggesting that defendant was the actual killer. The People's summary consists mostly of Villatoro's testimony, which was recanted in portions of the transcript attached to defendant's petition. "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, *supra*, 11 Cal.5th at p. 972.)

The People further assert the jury's finding that the murder was premeditated and deliberated necessarily included a finding that defendant was the actual killer who acted with an intent to kill. Defendant was convicted in 2009, at a time when an accomplice to the actual perpetrator could be convicted of premeditated murder under the natural and probable consequences doctrine, without having the intent to kill or even knowing his accomplice harbored a premeditated intent to kill. (See *People v. Favor* (2012) 54 Cal.4th 868, 879–880.) The information also alleged and the jury found true as to defendant that a principal personally and intentionally discharged a firearm which proximately caused great bodily injury and death to the victim within the meaning of section 12022.53, subdivision (d), and that a principal personally and intentionally discharged a firearm within the meaning of section 12022.53, subdivisions (b), (c), (e) and (e)(1). Thus, a principal other than defendant may have personally discharged a firearm proximately causing the victim's death and may have done so

---

[9] The jury was instructed with CALJIC No. 17.19.5 that "[t]he proximate cause of death is an act that sets in motion a chain of events that produces as direct, natural, and probable consequence of the act the death without which the death would not have occurred."

with premeditation and deliberation, imposing liability for the murder on defendant without his sharing or having had knowledge of the other principal's intent.

Apparently implying a collateral estoppel claim, the People argue without authority that because codefendant Williams was convicted of only second degree murder, it was defendant who acted with express malice and who premeditated and deliberated. "Nonmutual collateral estoppel does not apply to verdicts in criminal cases." (*People v. Superior Court* (*Sparks*) (2010) 48 Cal.4th 1, 5.) "[A] verdict regarding one defendant has no effect on the trial of a different defendant . . . ." (*Id.* at p. 5.) For example, " '[it] is always possible for a jury to exercise lenity and acquit some of the defendants while convicting others who are in fact no more guilty . . . .' " (*People v. Palmer* (2001) 24 Cal.4th 856, 865.) Thus, it may be that an aider and abettor could be convicted of first degree murder while the actual killer was convicted of second degree murder, and collateral estoppel would not apply. (See *People v. Lawley* (2002) 27 Cal.4th 102, 163–164.)

It may be that the record of conviction will ultimately show defendant was the actual killer. We do not express an opinion on that point, but as defendant submitted a facially adequate petition and the allegations were not shown to be untrue as a matter of law, that determination was premature. We thus reverse the trial court's order and remand for further proceedings.

## DISPOSITION

The order of February 13, 2023 denying the section 1172.6 petition is reversed and the matter remanded. The trial court is directed to appoint counsel for defendant and thereafter proceed as required by section 1172.6, subdivisions (c) and (d).

NOT TO BE PUBLISHED.

_____

LUI, P. J.          ASHMANN-GERST, J.          CHAVEZ, J.

9